IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MONIQUE SANCHEZ,

    Plaintiffs,

v.                                                                        C.A. No.:    4:17-cv-785

OPTIMAL IN-HOME CARE, INC., and
JACQUELINE MILLER,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MONIQUE SANCHEZ (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sue Defendants, OPTIMAL IN-HOME CARE, INC., and JACQUELINE MILLER (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof state as follows:

## **INTRODUCTION**

1.     This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

1

2. This Court enjoys federal question jurisdiction under 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## **VENUE**

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices located in Harris County, Texas.

## **THE PARTIES**

4. Plaintiff, MONIQUE SANCHEZ, is an individual residing in Spring, Texas.

5. Plaintiff, MONIQUE SANCHEZ, was at all times material employed by Defendants from December 3, 2015, through February 10, 2017, as a Receptionist, at the rate of $10.00 per hour. Plaintiff's primary duties were greeting clients, answering phones, and handling mail.

6. Defendant, OPTIMAL IN-HOME CARE, INC., is a corporation formed and existing under the laws of the State of Texas and maintains offices in Houston, Texas.

7. Defendants, OPTIMAL IN-HOME CARE, INC., operates a business that provides home health care services and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, OPTIMAL IN-HOME CARE, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. Defendant, JACQUELINE MILLER, is believed to be a resident of Houston, Texas, and at all times material hereto acted directly or indirectly in the interest of Defendant, OPTIMAL IN-HOME CARE, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

10. Defendant, JACQUELINE MILLER, was the Plaintiff's employer as defined by 29 U.S.C. § 203(d) and had the power to hire and fire employees, including the Plaintiff; supervised and controlled employee work scheduled and conditions of employment for the employees, including the Plaintiff; and, determined the rate and method of payment for employees, including the Plaintiff.

11. At all times material to this complaint, Defendant, OPTIMAL IN-HOME CARE, INC., employed two or more employees.

12. At all times material to this complaint, Defendant, OPTIMAL IN-HOME CARE, INC., had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, OPTIMAL IN-HOME CARE, INC., was an enterprise engaged in interstate commerce, operating

a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. Throughout her employment with the Defendants, Plaintiff personally engaged in commerce through her use of the telephone, internet and mails to communicate with persons or entities outside of the state of Texas.

15. At all times material to this Complaint, the Defendants were the employer of the Plaintiff and, as a matter of economic reality, the Plaintiff was dependent upon Defendants for her employment.

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Throughout her employment with the Defendants, Plaintiff worked in excess of forty hours per workweek, yet was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

18. Specifically, whenever the Plaintiff exceeded 40 hours, Defendants paid the Plaintiff straight time in order to avoid the overtime requirements of the FLSA.

19. Plaintiff's schedule varied, but she each worked between 45 and 50 hours a week during her employment with Defendants.

20. Plaintiff was not exempt from the overtime provisions of the FLSA.

21. Defendants are not exempt from the overtime provisions of the FLSA.

22. Defendants willfully deprived Plaintiff of the overtime wages she was due under the FLSA.

23. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

24. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

26. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

28. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants, jointly and severally, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. Any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted March 13, 2017.

                **ROSS LAW GROUP**

                _____
                **CHARLES L. SCALISE**
                Texas Bar No. 24064621
                Attorney-in-Charge
                **DANIEL B. ROSS**
                Texas Bar No. 00789810
                1104 San Antonio Street
                Austin, Texas 78701
                (512) 474-7677 Telephone
                (512) 474-5306 Facsimile
                Charles@rosslawgroup.com